IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11-00039-CR-W-DGK |
| | ) | |
| TOMMY HAUBRICH, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Pending before this Court is Defendant's Motion to Withdraw Guilty Plea (Doc. 96) and the Government's Response (Doc. 98). After careful consideration, Defendant's motion is DENIED.

### Factual and Procedural Background[1]

On May 23, 2011, a grand jury charged Defendant Tommy Haubrich with eight counts of criminal activity, including: conspiracy to distribute and possession with intent to distribute Schedule I and II substances; aiding and abetting with intent to distribute Schedule I and II substances; conspiracy to burglarize; attempt to burglarize; and felon in possession of firearm.

On June 6, 2011, Defendant made his initial appearance in the Western District of Missouri before United States Magistrate Judge John T. Maughmer. At that time, Defendant qualified for the services of a Federal Public Defender, and the Court appointed counsel for him.

On June 8, 2011, Defendant appeared before Judge Maughmer for a detention hearing and arraignment. Defendant entered a plea of not guilty to the charges in the superseding indictment and

---

[1] The Government provided a comprehensive account of the facts of this case in its "Amended Response to Defendant's Motion to Withdraw Guilty Plea" (Doc. 98). This procedural history is taken, in large part, from that document.

was remanded to the custody of the United States Marshals Service pending trial. On June 13, 2011, Defendant retained new counsel, Mr. F.A. "Al" White.

On November 8, 2011, Defendant appeared before this Court with retained counsel, Mr. White, and changed his pleas to "guilty" on counts 1, 2, 4, 5, 7, and 8 of the superseding indictment, pursuant to a written plea agreement (Doc. 60). In that plea agreement, Defendant stated his understanding that, following the Court's acceptance of the plea agreement, he could withdraw his guilty plea only upon a showing of a "fair and just reason."

Defendant now contends that he should be allowed to withdraw his guilty plea, maintaining that he is innocent of the crimes for which he was charged and was pressured into pleading guilty by his attorney. Defendant also asserts that his guilty plea was entered without careful consideration of the consequences and, that but for counsel's advice, he would not have pled guilty.

## Standard

A defendant does not have an absolute right to withdraw a guilty plea before sentencing. *See United States v. Prior*, 107 F.3d 654, 657 (8th Cir. 1997). In determining whether to set aside a guilty plea before sentencing, the court considers four factors: "(1) whether the defendant has demonstrated a fair and just reason; (2) whether the defendant has asserted his innocence; (3) the length of time between the guilty plea and the motion to withdraw; and (4) whether the Government will be prejudiced." *United States v. Morales*, 120 F.3d 744, 747 (8th Cir. 1997). "However, if the defendant fails to establish a fair and just reason for withdrawing the guilty plea, the trial court need not address the remaining considerations." *United States v. Wicker*, 80 F.3d 263, 266 (8th Cir. 1996) (quoting *United States v. Nichols*, 986 F.2d, 1199, 1201 (8th Cir. 1993) (internal citations omitted)); *see also* Fed. R. Crim. P. 11(d)(2)(B). Defendant bears the burden of establishing a fair and just

2

reason for withdrawing his plea, and it is within the Court's sound discretion to allow or deny the defendant's motion. *See United States v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005).

## Discussion

**I.      Defendant has not demonstrated a fair and just reason for withdrawing his guilty plea.**

Defendant presents the following arguments in support of his motion to withdraw his guilty plea. Each is without merit and fails to demonstrate a fair and just reason warranting the withdrawal of his guilty plea.

**1.      Defendant's legal counsel provided effective representation.**

Defendant first asserts that he was pressured into pleading guilty by his counsel, Mr. White, even though Defendant informed Mr. White in writing that he was innocent nine days prior to the scheduling of the change of plea hearing. Additionally, Defendant contends he informed Mr. White that he would only accept a deal "where he would be home in five years or less."

This argument is without merit. The record indicates that Defendant's plea was entered voluntarily, thoughtfully, and with full confidence in his retained counsel. Plea Tr. at 7. Additionally, "[d]efense counsel's performance can serve as the requisite 'fair and just reason' for withdrawal only if [the defendant] demonstrates both that his attorney's performance was deficient and that he was prejudiced by it." *United States v. McMullen,* 86 F.3d 135, 137 (8th Cir. 1996). Here, Defendant fails to demonstrate how his counsel's performance was deficient or prejudicial. In fact, the record shows that Mr. White negotiated several successful provisions in the plea agreement for Defendant, including not being required to plead guilty to gun charges and reserving the ability to argue the specific drug quantity at sentencing.

## 2. The Government's evidence presents a strong presumption of truth.

Defendant next argues that the Government has insufficient evidence implicating him in the charged offenses. Specifically, Defendant contends the Government's evidence consists only of testimony of two co-defendants and tracking evidence from Defendant's cell phone.

The government, however, provides an extensive list of evidence that would be brought at trial, including: (1) multiple people's identification of Defendant on video surveillance during a burglary; (2) Defendant's identification of himself on video surveillance during a burglary; (3) Defendant and co-defendants independently admitted to conspiring with each other, (4) similar characteristics of all the burglaries; (5) multiple, unrelated, identifications of association between Defendant and one of his co-defendants; (6) location tracking of Defendant and one of his co-defendants in relation to burglary locations; (7) telephone records tying Defendant to the area during dates of burglaries; (8) recovery of stolen pharmaceuticals, powder cocaine, firearms, ammunition, and items used to facilitate burglaries from one of the co-defendants; and (9) Defendant's detailed confessions at the plea hearing and with FBI agents. Additionally, during Defendant's proffer with the FBI, Defendant admitted to committing the burglaries charged in the indictment and elaborated on the tactics and techniques used to commit them.

## 3. Defendant fails to make a legal argument regarding Count 11.

Defendant also maintains that he was convinced to plead guilty, in part, by the Government agreeing to dismiss Count 11, Felon in Possession. This argument provides no basis for the Court to allow Defendant to withdraw his guilty plea. Plea agreements, by their nature, involve a bargain between two parties whereby a defendant pleads guilty in exchange for a reduced charge.

Furthermore, Defendant admitted that the purpose and nature of plea agreements were clearly explained to him during the plea process. Plea Tr. at 45.

4. **Defendant admitted to culpability in the plea agreement.**

Defendant also seeks to withdraw his plea by maintaining that he did not participate in the alleged acts. However, during the plea hearing, Defendant testified under oath, with great specificity, that he was guilty of counts 1, 2, 4, 5, 7, and 8 of the superseding indictment. He also elaborated and clarified details of his crimes. Plea Tr. at 11-12, 31. This argument is, accordingly, without merit.

5. **Defendant's assertions of innocence provide no basis for him to withdraw his prior plea of guilty.**

Defendant also asserts that he only pled guilty to obtain a favorable sentence; he now maintains his innocence. However, this present conclusory statement fails to establish that his prior admissions of culpability were false. *See United States v. Cruz*, 643 F.3d 639, 643 (8th Cir. 2011) (citing *United States v. Sampson,* 606 F.3d 505, 508 (8th Cir. 2010) ("A conclusory assertion of innocence simply does not satisfy his burden of showing a fair and just reason for permit[ting] a withdrawal of what he had solemnly made under oath.") (internal citations omitted).

6. **Defendant had adequate time to review the plea agreement.**

Defendant next contends that he did not have adequate time to review and analyze the plea agreement and was not permitted to retain a copy after he and his attorney discussed its contents. This assertion is completely devoid of supporting evidence. Defendant's plea colloquy proves he had ample opportunity to contemplate the terms of the agreement and review them with his attorney. Plea Tr. at 7.

**7. Defendant fails to make a legal argument regarding the effect of his escape on his plea agreement.**

Additionally, Defendant argues that he was not advised by his attorney or by the Court that escape from custody would constitute a breach of the plea agreement on his part. However, in signing the plea agreement, Defendant acknowledged that the commission of *any* crime would constitute a breach. This argument is, therefore, without merit.

**8. Defendant was given the necessary information regarding his sentencing to make an informed plea.**

Defendant also argues that:

> The Court informed the Defendant that the maximum sentence the defendant could receive pursuant to the plea agreement was twenty years: Count One (Tr. 10, Ln. 15), Count Two (Tr. 20, Ln. 20), Count Seven (Tr. 36, Ln 11). Pursuant to 4B1.1 the defendant is a career offender. Therefore the offense level for the instant offense is to be determined by the statutory maximum penalty, or the otherwise applicable offense level, whichever is greatest.
> . . .
> The defendant was not advised by his attorney during discussions regarding the plea agreement, or by his attorney or this Honorable Court on the record, during his guilty plea on the record, that he was a career offender, which would subject him to mandatory statutory minimum sentences and increase his presumed reasonable guideline sentence.

(Doc. 96, p. 5). The Career Offender rule is a criminal history guideline which the judge can use to sentence anywhere within the statutory range as long as it is reasonable. Here, the Court properly informed Defendant of the statutory maximum for each crime charged. Plea Tr. at 10, 18, 36. Additionally, the Court informed the Defendant that his sentences could run concurrently or consecutively. Plea Tr. at 19. Furthermore, the plea agreement expressly states there is no agreement as to criminal history, and Defendant acknowledged in the agreement that the Court could

6

impose any sentence authorized by law. Finally, Defendant was notified that his plea could not be withdrawn simply because of the nature or length of the sentence imposed by the Court. Because a defendant may not withdraw a guilty plea merely because he misunderstands how sentencing guidelines will apply to his case so long as the district court informs him of the statutory range of punishment he faces, Defendant's plea is binding. *United States v. Ramirez-Hernandez*, 449 F.3d 824, 826 (8th Cir. 1996).

9. **Withdrawal of Defendant's guilty plea would constitute an unnecessary burden the Government.**

Defendant's final argument is that he should be allowed to withdraw his guilty plea because he has not delayed in filing his motion and his withdrawal would not inconvenience the Court or the Government. However, as the Government notes in its opposition, when Defendant pled guilty over six months ago, the Government closed its active trial and reallocated its resources to other investigations. If the Court were to grant Defendant's motion, the Government would have to divert significant resources from these other projects back to this case, which would impose an unnecessary burden upon them.

## Conclusion

Accordingly, for reasons set forth herein, the Court finds Defendant has failed to show a fair and just reason for withdrawing his guilty plea under Fed. R. Crim. P. 11(d)(2)(B). Defendant's Motion to Withdraw Plea of Guilty (Doc. 96) is DENIED.

**IT IS SO ORDERED**

Dated: August 9, 2012   /s/ Greg Kays
　　　　　　　　　　　　　　　　GREG KAYS, JUDGE
　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT